**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| JOSEPH CECIL, Derivatively on Behalf of SHOALS TECHNOLOGIES GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOMINIC BARDOS, TY DAUL, BRAD FORTH, PHILIP GARTON, KEVIN HUBBARD, PETER JONNA, ROBERT JULIAN, JEANNETTE MILLS, BRANDON MOSS, DEAN SOLON, LORI SUNDBERG, JEFFERY TOLNAR, TONI VOLPE, JASON WHITAKER, and PETER WILVER,<br><br>Defendants,<br><br>and<br><br>SHOALS TECHNOLOGIES GROUP, INC.,<br><br>Nominal Defendant. | Case No.: 3:26-cv-00840<br><br>Chief Judge William L. Campbell, Jr.<br><br>Magistrate Judge Luke A. Evans |

**JOINT MOTION TO STAY ALL DEADLINES PENDING SETTLEMENT**

Plaintiff Joseph Cecil ("Plaintiff"), nominal defendant Shoals Technologies Group, Inc. ("Shoals" or the "Company"), and individual defendants Dominic Bardos, Ty Daul, Brad Forth, Philip Garton, Kevin Hubbard, Peter Jonna, Robert Julian, Jeannette Mills, Brandon Moss, Dean Solon, Lori Sundberg, Jeffery Tolnar, Toni Volpe, Jason Whitaker, and Peter Wilver (collectively, the "Individual Defendants" and, together with Shoals, "Defendants") hereby jointly move this Court to stay all pending deadlines. In support of their Motion, Plaintiff and Defendants (the "Parties") state as follows:

1. On June 22, 2026, Plaintiff filed a shareholder derivative action on behalf of nominal defendant Shoals in this Court alleging causes of action for breach of fiduciary duty and violations of the federal securities laws against Individual Defendants, captioned *Cecil v. Bardos, et al.*, Case No.

3:26-cv-00840 (the "Action").

2. On June 22, 2026, an Initial Case Management conference was scheduled for September 15, 2026 before Magistrate Judge Luke A. Evans (ECF No. 5).

3. There is currently a related derivative action pending in this Court, captioned *In re Shoals Technologies Group, Inc. Derivative Litigation*, Case No. 3:24-cv-00615 (filed May 16, 2024) (the "Consolidated Derivative Action").[1]

4. On August 17, 2026, the Court entered the Stipulation for an Extension of Time to Respond (ECF No. 20), extending the time for Defendants to respond to the complaint in the Action to September 4, 2026.

5. As stated in the Stipulation, Plaintiff was informed that the parties in the Consolidated Derivative Action reached a settlement of the Consolidated Derivative Action that has not yet been presented for approval.

6. After evaluating the settlement, Plaintiff has agreed to become a party to the binding term sheet, which will resolve the Consolidated Derivative Action and this Action.

7. In the interests of judicial economy and conserving the resources of the Parties and the Court, the Parties agree that it would promote efficiency for the Court to stay all deadlines in this

[1] Although not being requested here, in an abundance of caution, Plaintiff submits that consolidation of the Action into the Consolidated Derivative Action is not appropriate as plaintiffs in the Consolidated Derivative Action allege that a pre-suit litigation demand on the Company's Board of Directors (the "Board") would have been futile while Plaintiff made a pre-suit litigation demand on the Board before filing. Given the contrary nature of these legal theories, Plaintiff submits different pleadings requirements, burdens of proof, and defenses apply. Thus, consolidation of the Action into the Consolidated Derivative Action would result in confusion, inefficiency, and conflict. Courts routinely maintain related demand futile and demand refused actions under separate dockets as they are "categorically different…and for this reason will ultimately be analyzed under a different legal standard." *In re HP Derivative Litig.*, 2011 WL 5914216, at *3 (N.D. Cal. Nov. 28, 2011) (in rejecting a motion to consolidate and coordinate demand futile and demand refused derivative actions, court noted "it is clear that the unique characteristics of each case will predominate even at the pre-trial stage."). Defendants reserve all rights with respect to this issue and waive none.

Action to allow time for the Parties to complete the process of documenting the Settlement, including negotiating and executing a settlement agreement.

8. The Parties have agreed that during the pendency of the stay of the Action, Defendants shall not be required to move, answer or otherwise respond to any complaint filed in the Action. The stay is without prejudice to any and all defenses Defendants may assert in the Action, including but not limited to any jurisdictional or venue challenges, and without prejudice to any and all claims Plaintiff may assert in the Action.

9. Accordingly, the Parties by and through their counsel, have met and conferred and, to streamline proceedings for the convenience of the Parties and the Court, hereby jointly move to:

a. Vacate the Initial Case Management conference currently set for September 15, 2026 as well as all associated deadlines.

b. Stay all deadlines in this Action such that all proceedings, including all responsive pleadings, discovery, deadlines, hearings, ADR requirements, and conferences, will be stayed.

c. Order that if the stay is lifted, the Parties shall meet and confer and within ten business days, submit a proposed scheduling order governing any further proceedings in the Action, including the date by which Defendants must answer or otherwise plead and re-setting the Initial Case Management Conference.

Therefore, to streamline proceedings for the convenience of the Parties and the Court given the Parties have entered a binding term sheet to settle this matter, the Parties respectfully request that this Court enter an order as outlined above.

DATED: September 1, 2026

**BASS, BERRY & SIMS PLC**
*/s/ Britt K. Latham*
BRITT K. LATHAM
MARGARET DODSON
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: 615-742-6200
blatham@bassberry.com
margaret.dodson@bassberry.com

**LATHAM & WATKINS LLP**
HEATHER A. WALLER
(*pro hac vice*)
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: 312-876-7700
heather.waller@lw.com

MICHELE D. JOHNSON
(*pro hac vice*)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Telephone: 714/540-1235
michele.johnson@lw.com

*Counsel for Defendants*

DATED: September 1, 2026

**THE ROSEN LAW FIRM, P.A.**
*/s/ Philip Kim*
PHILIP KIM
(*pro hac vice*)
275 Madison Avenue, 40th Foor
New York, NY 10016
Telephone: 212-686-1060
philkim@rosenlegal.com

*Counsel for Plaintiff Joseph Cecil*

**GILREATH & ASSOCIATES, PLLC**
SIDNEY W. GILREATH
550 Main Ave., Suite 600
Knoxville, TN 37902
Telephone: 865-637-2442
gilknox@sidgilreath.com

*Local Counsel for Plaintiff Joseph Cecil*

* * * *

*Filer's Attestation: Pursuant to the Court's CM/ECF Manual regarding signatures, Britt K. Latham hereby attests that concurrence in the filing of this document has been obtained.*

**CERTIFICATE OF SERVICE**

I certify that on September 1, 2026, the foregoing was filed electronically with the Clerk of Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Britt K. Latham*